Cueia, per
Nott, J.
The position taken by the Chancellor, that the plea must be considered as having admitted as true every thing stated in the bill which is not denied is correct.. But it is no where stated in the bill that the defendants’ intestate was a trustee. That is only alleged in the replication, and a plea can never be supposed to admit the truth of the replication. If, however, from the facts pf the case the Court should consider defendants’ testator as trustee the conclusion will be the same. Now what are the facts in this case 1 The complainant shipped on board a vessel, of which John Vincent was master, certain goods for the African trade — the Captain was to lay out the goods to the best advantage and remit the proceeds to the complainant. He died on the coast of Africa, and the goods fell into the hands of his agent, who disposed of them, and remitted the proceeds to defendants’ testator for the purpose of accounting, and paying over the amount to the complainant. All this was known to the complainant at the *313 time the transaction took place. The defendants’ testator then was merely the receiver of so much money to the use of the complainant. And if the amount had been known she might have brought her action at law for money had and received; in which action the statute of limitations would have been a protection to the defendants. The trust then is not the foundation of the jurisdiction of the Court of Equity in this case, but the want of a discovery. And where a party has amere legal demand, and the Court of Equity has a concurrent jurisdiction for the purpose of discovery, the defendant is as well entitled to . . , . ' the benefit of the statute of limitations in a Court Equity as at Law. The mere change of forum cannot change their legal rights. Roosevelt v. Mark, 6 Johns. Cha. Rep. 266, 20 Johns. Rep. 208. Kane v. Bloodgood, 7 Johns. Rep. 90. 127, and the Index to 7 Johns. Cha. Rep. 162,3. For although it. is a rule in the Court of Equity that lapse of time will be no bar between a trustee and \ . a cestm que trust, yet that doctrine applies only to nical equitable trusts, and not to those constructive trusts of which a Court of Law as well as a Court of have jurisdiction. This case has been assimilated to the case of Brown v. Litton, 1 P.Wms, 140, where a captain died having on board a sum of money which he intended to have employed in some trade or speculation. m?ite succeeded to the command and employed the mo-ndy to great advantage. Upon his return home, representatives of the captain filed their bill against him for the amount of the profits derived from the use of the money. The mate alleged that he was only liable for the amount of the money and interest. But the Chancellor held that he should account for the profits, after deducting a compensation for his trouble; and that was the only question in the case. In the present case it is not pretended that the defendants’ testator has employed the money in any profitable speculation, but merely that *314 he withheld payment and refused to account for the. amount actually received. No confidence or trust was reposed in him by the complainant. The relation of trustee and cestui que trust, therefore, never subsisted between the parties more than between any other debtor and creditor. In the case of Stackhouse v. Barnston, 10 Ves. Jun. 466, the Master of the Rolls said, with regard to the statute of limitations though it does not apply to any equitable demand, yet equity ádopts it, or at least takes, the same limitations, in cases that are analogous to those in which it applies at law.. In the case of Hoveden v. Annesly, 2 Scho. & Lefr. 607. 630, Lord Redesdale says, “ Courts of Equity are bound to yield obedience to the statute of limitations upon all legal titles, and legal demandsand he thinks the statute ° . .. . , , „ „ must be taken virtually to include the Courts oí Equity. There are a great many contradictory opinions in the old books on the subject — but it is now well settled that the gtatute applies as well to the Court of Equity as to the Court of Law, except in those cases which áre excepted upon purely equitable principles, such as trust, fraud, &c. And even in cases of fraud the Court of Equity will allow the statute to run from the time the fraud is discovered. 4 Desaus. Rep. 480.
Whereapar-ÍJgaUlemandJ a“d e9ui.(y. take3juvisdic-merely defendant benefit of the Snsl’to' a Court of
. lime is no between Cestui que^ °?!y ln nical equita-bars construe^ ^bich'a Court hl°e jurisdic-
Equity is statute oflim-Rations in all cases except such as trusts, aindln msés of fraud from the discovery.
It is contended, however, that accounts between merchant and merchant, their agents and factors, are excepted out of the statute .of limitations, and that the defendants’testator is to be considered as standing'in the samé relation to the complainant as his brother, to whom the original adventure was confided. If the trust had necessarily devolved upon him and he had employed the fund pursuant to its original destination, as in the case of Brown and Litton, 1 P. Wms, 140, perhaps that conclusion would have followed. But I do not think that this case comes within the exception of the act which has been relied on. This cannot be considered as *315 an account between merchant and merchant. There have been no dealings, no mutual accounts, between complainant and defendants’ intestate. Neither could he be considered as an agent or factor of his deceased brother. The agents or factors spoken of in the act must mean such agents or factors as had been employed in the general mercantile concerns of their principals. It cannot mean every special agent who may be intrusted with a specific power, and whose liability arises from some special undertaking unconnected with the general concerns of the party. The defendants’ testator was not the agent or factor, nor can any constructive trust be raised in him from having the control or management of funds belonging to his brother’s estate. His liability arises from the receipt of the specific funds belonging to the complainant from which the law raises 'an implied promise to account and pay without any regard to the source from whence the fund was derived. His liability would have been precisely the same if an African Prince had sent him a present to deliver to the complainant.
Agents and factors spoken of by the statute of limitations must he such as are employed in the general mercantile concerns of the principal. It cannot apply to every special agent.
Receiving a specific sum for another creates no trust.
Quare, If the statute would not bar accounts between merchant and merchant where there have been no dealings for five years.
I do not intend it to be understood, however, that I am of opinion that the defendant would be entitled to the benefit of his plea even were this to be considered as an account between merchant and merchant. The construction of that exception in the statute of limitations has divided the opinions of able judges. In 1 Madd. Cha. 99, it is said if all accounts have ceased above six years the statute of limitations is, it seems, a bar. Barber v. Barber, 18 Ves. 286, 6 Ves. 382. Chancellor Kent, in Costers v. Murray, 5 Johns. Cha. Rep. 522, has investigated the subject with his usual learning and research, and has come to the same conclusion. And I think the weight of authority is op that side of the question, though respectable opinions are opposed to it. Vide 5 Cranch, 15; also Catling v. Skoulding, 6 Term Rep. 193. I do not intend therefore *316 to express any opinon upon it at this time, because I do not conspjer the defendants’ testator as standing in relation to the complainant. I will nevertheless observe that I do not at present see any good reason why merchants and factors, after all dealings have ceased by them, should not be as well entitled to the protection of the statute as other persons. They are as liable to the loss of papers and vouchers as others. All the reasons which lead to the passage of such an act at all would seem to require that they should have the benefit of it. The case now under consideration furnishes upon its face the {jest of all reasons why the defendants should be protected by the statute. The complainant and defendants’ intestate lived together in Charleston for at least ten years after this transaction took place. She then suffered him to take his departure for the coast of Africa without an effort on her part to obtain any security for this debt. And now after his death, and after the statute of limitations has ran its course three times round, his executors, who cannot be supposed cognizant of such a transaction, are called upon to account. The circumstances of the case furnish the strongest possible presumption that the debt must have been paid. I think the plea ought to have been allowed; and I have seen but few eases where it appeared to me that the party was better entitled to such a shield. The decree of the Chancellor must therefore be reversed.

Decree reversed.